UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN L. PHILLIPS,

    Plaintiff,

vs.

CASE NO.: 8:18-cv-922-T-27MAP

ZIEGLER CONTRACT SERVICES, INC., and
THOMAS W. ZIEGLER, JR.

    Defendants.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KEVIN L. PHILLIPS (hereinafter "Mr. Phillips"), by and through his undersigned counsel, and sues Defendants, ZIEGLER CONTRACT SERVICES, INC. ("ZIEGLER CONTRACT") and THOMAS W. ZIEGLER, JR. ("Mr. Ziegler"), (collectively referred to as "Defendants"), and states as follows:

### I. JURISDICTION

1.    Jurisdiction is proper in this Court pursuant to 29 U.S.C. §216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA").

### II. VENUE

2.    Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Polk County, Florida. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to rule 1.02, Local Rules of the Middle District of Florida.



## III. PARTIES

3.     Mr. Phillips was employed from approximately September, 2016 to February, 2018 at ZIEGLER CONTRACT. Mr. Phillips was an "employee" of Defendants within the meaning of the FLSA; 29 U.S.C. §203(e)(1). Further, Mr. Phillips was a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a), 207(a).

4.     ZIEGLER CONTRACT is a for profit Florida corporation, located in Polk County, Florida, and is authorized to do business in Florida.

5.     ZIEGLER CONTRACT has employed two or more persons, including Mr. Phillips, engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1)(A)(i).

6.     ZIEGLER CONTRACT is an "employer" as defined by 29 U.S. C. 203(d). ZIEGLER CONTRACT has employees subject to the provisions of the FLSA in the facility where Mr. Phillips was employed.

7.     Mr. Ziegler was the president of ZIEGLER CONTRACT. Mr. Phillips, at all times material hereto, was acting directly or indirectly in the interest of ZIEGLER CONTRACT in relation to Mr. Phillips' employment and was substantially in control of the terms and conditions of Mr. Phillips' work and is a statutory employer under 29 U.S.C. 203(d).

8.     Mr. Phillips was an employee of ZIEGLER CONTRACT from September, 2016 to February, 2018, and at all times relevant to violations of the FLSA was engaged in commerce, regularly used the channels of commerce, and regularly used the instrumentalities of commerce. 29 U.S.C. 207(a)(1), including, but not limited to, traveling out of state to perform work for out of state customers of Defendants.

Kevin L. Phillips v. Ziegler Contract Services, Inc., et al.
Complaint and Demand for Jury Trial
Page 2 of 5

9. Defendants, ZIEGLER CONTRACT and Mr. Ziegler were at all times material hereto joint employers of Mr. Phillips as defined under 29 CFR 791.2.

10. At all relevant times during Mr. Phillips' employment with Defendants, ZIEGLER CONTRACT was an enterprise whose annual gross business done was not less than Five Hundred Thousand Dollars ($500,000.00), in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

11. Mr. Phillips has retained Frost Van den Boom, P.A. to represent him in this matter and has agreed to pay said firm reasonable attorney's fees and costs for its services.

## IV. **FACTUAL ALLEGATIONS**

12. Mr. Phillips was hired on or around September, 2016, at ZIEGLER CONTRACT, and performed duties for ZIEGLER CONTRACT, including, but not limited to assembling coolers and freezers used in business settings both on site at a location owned by Defendants and traveling to onsite locations for customers. Mr. Phillips worked for Defendants continuously from September, 2016, until February, 2018.

13. Mr. Phillips was paid an hourly rate throughout his employment.

14. Mr. Phillips' work hours varied, but he frequently worked numerous hours of overtime, at times more than sixty-five (65) hours in a week. Defendants are in possession of Mr. Phillips' time records, and job site travel records, and therefore Mr. Phillips cannot more accurately allege the hours of overtime for which was not properly paid until discovery is completed.

15. Defendants had knowledge of the overtime hours worked by Mr. Phillips.

16. During the time Mr. Phillips worked for ZIEGLER CONTRACT, he was only paid his regular hourly wage and did not receive one and one-half his regular rate of pay for his overtime hours worked.

Kevin L. Phillips v. Ziegler Contract Services, Inc., et al.
Complaint and Demand for Jury Trial
Page 3 of 5

17. In addition, Mr. Phillips was not paid for hours he worked while traveling back from job sites located in Florida, which could be several hours away and which resulted in completely unpaid overtime.

18. Defendants failed to make a good faith effort to determine if Mr. Phillips was being compensated appropriately pursuant to the FLSA.

19. Despite complaints by Mr. Phillips about not being paid for overtime, including the time driving back from Florida job sites, Defendants refused to pay Mr. Phillips appropriately under the FLSA and continued to only pay Mr. Phillips his regular rate of pay for overtime hours worked and not paying Mr. Phillips anything for time spent traveling back from Florida job sites, which resulted in completely unpaid overtime.

## COUNT I
## VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

20. Plaintiff re-alleges and incorporates herein the allegations contained in paragraph 1 through 19, above.

21. From approximately September, 2016 to February, 2018, the Defendants repeatedly and willfully violated the FLSA by failing to compensate Mr. Phillips at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

22. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of Mr. Phillips' rights under the FLSA.

WHEREFORE, Plaintiff KEVIN L. PHILLIPS respectfully requests that a judgment be entered in his favor against Defendants ZIEGLER CONTRACT SERVICES, INC., and THOMAS W. ZIEGLER, JR., for:

Kevin L. Phillips v. Ziegler Contract Services, Inc., et al.
Complaint and Demand for Jury Trial
Page 4 of 5

a. Unpaid overtime wages found to be due and owing;

b. An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

c. A reasonable attorney's fees and costs; and

d. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted April 11, 2018.

                FROST VAN DEN BOOM, P.A.

                By: s/Lydia Zbrzeznj
                    LYDIA ZBRZEZNJ
                    Florida Bar No. 98181
                    Post Office Box 2188
                    Bartow, FL   33831
                    Phone: (863) 533-0314
                    Fax: (863) 533-8985
                    Emails: lzbrzeznj@fvdblaw.com
                              krutenbar@fvdblaw.com
                    Attorneys for Plaintiff

Kevin L. Phillips v. Ziegler Contract Services, Inc., et al.
Complaint and Demand for Jury Trial
Page 5 of 5